ALBERT J. APPELL, as Executor, etc., of SOPHIA HALBE, Deceased, Respondent, *v.* WILHELMINA M. HALBE, Individually, and Others, Defendants, Impleaded with WILHELMINA M. HALBE, as Executrix, etc., of WILLIAM A. HALBE, Deceased, Appellant.

First Department, December 14, 1923.

Wills — action to impress legacy on real estate which was charged therewith — will provided for monthly payments to widow and charged same on realty — plaintiff was attorney for testatrix and for legatees under will — monthly payments were increased by agreement in consideration of release of dower — burden on plaintiff to show non-payment not sustained by mere proof of aggregate payments from specified source — subsequent agreement to reduce monthly payments supported by evidence — agreement to increase payments was valid — plaintiff was incompetent under Civil Practice Act, §§ 347 and 353, to testify.

In an action to impress a legacy upon real estate it appeared that the husband of the plaintiff's testatrix provided in his will that the testatrix should be paid $400 monthly and charged the payment thereof upon the realty which was devised to his son; that the plaintiff was the attorney for the husband of the testatrix and for the testatrix and her son and conducted all of the transactions between them arising out of the fact that the real estate was charged with the legacy; that plaintiff's testatrix and her son entered into an agreement in consideration of the release by the testatrix of her dower rights in her husband's estate, to pay to her $500 per month, which was to be and remain a charge upon the realty; that the property became non-productive and no monthly payments were made for some time and later, for a period of about two and one-half years, the testatrix received and accepted $100 per month.

*Held*, that the burden of establishing the non-payment to the plaintiff's testatrix of her monthly annuity which rested on the plaintiff was not sustained by the mere proof of the aggregate payments made to the testatrix from a certain source of income, but the plaintiff should have made further proof that the testatrix had not received any payments from any other source.

Though the evidence of the agreement to reduce the monthly payments was in itself meagre, it finds support in the admitted fact that for two and one-half years the testatrix actually accepted $100 per month instead of $500.

The agreement between the testatrix and her son that she was to receive $500 per month instead of $400, in consideration of the release of her dower rights, is valid and enforcible.

The plaintiff, who was the attorney for the testatrix and her son throughout the period from the death of the husband of the testatrix to the death of the testatrix

and her son and who is the executor, specific legatee and residuary legatee under the will of the testatrix, was incompetent under sections 347 and 353 of the Civil Practice Act to testify as to payments made by him to the testatrix and to her son.

APPEAL by the defendant, Wilhelmina M. Halbe, as executrix, etc., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 16th day of October, 1922, upon the decision of the court, rendered after a trial at the New York Special Term, adjudging that the plaintiff has a lien upon the real property described in the complaint.

*Charles M. Carter* [*William A. Davidson* of counsel], for the appellant.

*Albert J. Appell* [*Frank C. Laughlin* of counsel], for the respondent.

MERRELL, J.:

The action was brought to impress a lien for a legacy upon real estate which was charged therewith under the will of one Charles Halbe, deceased. The salient facts are as follows: Charles Halbe died in 1911, leaving his widow, Sophie Halbe, and a son, William A. Halbe. To his son he left the real estate herein involved. To his wife he bequeathed the sum of $400 per month for the rest of her life, charged upon the realty. William A. Halbe died December 26, 1920, seized of said real estate. The defendant Wilhelmina Halbe is his widow, legatee and the executrix of his will. Sophia Halbe, the widow of Charles, died February 26, 1921. Plaintiff is her legatee; also her executor. In the lifetime of Charles, William and Sophia Halbe, plaintiff had been attorney for all three, and as such attorney for William and Sophia had conducted all the transactions between them arising out of the fact that the real estate devised to William was charged with the legacy to Sophia.

Shortly after the death of Charles, and in June, 1911, William and Sophia entered into an agreement whereby the monthly payments to the latter were increased to $500 per month, such agreement reciting that the bulk of the estate went to William and that he was desirous of increasing the monthly payments to the widow, and that in consideration thereof the latter released her dower right in all of the property left by the decedent. By this agreement it was provided that the entire $500 monthly was to be and remain a charge upon the realty.

Upon the trial the plaintiff first proved merely the legacy to Sophia, the agreement increasing it, her death, and after stating the amounts paid thereunder, rested. The court holding that the burden of proof of non-payment being upon the party asserting

a lien upon real property, plaintiff reopened his case and proved or offered proof of payments made to Sophia. He also showed that upon the property becoming non-productive by reason of a failure of rents, no payments were made to Sophia for some time, and that thereafter when the tenant paid a large amount in a lump sum, partly cash and partly notes, this plaintiff, attorney for both parties, was given power to collect and receive this sum, collect the notes and distribute the proceeds in certain agreed proportions between them. It was also shown that thereafter plaintiff was given power to collect the greatly diminished rents, and that he did so and paid to Sophia from August, 1918, to her demise in February, 1921, the sum of $100 per month.

Appellant contends upon this appeal as follows:

(1) That the burden of establishing non-payment was upon plaintiff and that he has not sustained that burden.

(2) That defendant established an agreement to reduce the monthly payments to $100.

(3) That the agreement increasing the monthly payments from $400 to $500 was without consideration.

(4) That plaintiff was disqualified to testify to payments made by him to Sophia; also that he was disqualified to testify to payments made by him to William; and that checks drawn by plaintiff or his law firm were improperly received to show such payments.

The court below held, we think erroneously, that " even though the burden of proving payment is on the plaintiff in order to show the balance unpaid " he had fully sustained the same. The court seemed to hold that to prove non-payment it was sufficient to show the total amount due and then prove the payments made, and the difference would establish the amount unpaid and the fact that it was unpaid. The cases hold that plaintiff to establish a cause of action must prove non-payment. I do not find in the record any sufficient evidence of non-payment. It is true that the party who was collecting the rents was permitted to testify to amounts which he received, and that he paid certain portions thereof to William and the balance to Sophia. There was no proof that payment was not made from some other source.

While the evidence of the agreement to reduce the monthly payments was in itself meagre, it finds support in the admitted fact that for two and a half years Sophia accepted $100 per month. She never attempted to collect more or to sell the premises to satisfy her legacy. She told the witness Eysenbach that she had settled the matter by accepting $100 per month rent and that William was to get $200. This is what the parties actually did get for two and a half years.

The agreement to pay $500 in the place of $400 was valid and binding. Whether or not the widow would have been successful in impressing her dower upon the realty is not important. She waived whatever right she had, and consented that William retain what was recited to be the bulk of the estate free from her demands except the legacy.

Appell, the attorney for Sophia and William throughout the period from the death of Charles to their deaths, and the executor, specific legatee and residuary legatee under the will of Sophia, testified not only to payments made by him to Sophia, but also payments made to William. It will be remembered that Appell collected the moneys arising from the real estate and divided it between these two persons. He was interested in the estate of Sophia, not only as executor, but personally. His mouth was closed as to personal transactions with the deceased. (Civ. Prac. Act, § 347.) Moreover, by reason of his relationship as attorney for both Sophia and William he could not properly disclose information which he acquired in such capacity. (Civ. Prac. Act, § 353.)

We thus have this situation: William's property was charged with payments to Sophia. This plaintiff is now Sophia's successor, both as executor and one having a personal interest. He had himself received the income from the property. Testimony by the plaintiff of the fact that he turned part of this income over to William instead of to Sophia was improper in this action against the executrix of William because it related to a transaction with the deceased, William, in which the plaintiff has a personal interest.

In view of the fact that the plaintiff's case was not adequately proven, and of the additional fact that the evidence of an acceptance of the reduction of the legacy to $100 supported by the undisputed fact that such payments were actually made and accepted for two and a half years presented a close question of fact, the manifest error in admission of evidence requires a reversal of the judgment rendered.

The judgment appealed from should be reversed and a new trial granted, with costs to the appellant to abide the event.

CLARKE, P. J., DOWLING, SMITH and MCAVOY, JJ., concur.

Judgment reversed and new trial ordered, with costs to the appellant to abide event. Settle order on notice.