(November 10, 1937.)

In the Matter of the Final Judicial Settlement of the Accounts of James H. West and George H. West, as Executors, etc., of Emma West, Deceased. Lottie E. West, as General Guardian of the Person and Property of Kathryn M. West, Infant, and Others, Objectants, Appellants; James H. West and George H. West, as Executors, etc., of Emma West, Deceased, Respondents.

Memorandum. We approve the surrogate's decision, in all respects, excepting the part thereof relating to the issues arising under the fourth objection to the account of the executors. That objection is that the executors have failed to account for a claim which decedent, in her lifetime, had against James H. West & Sons, Inc. The appellants, who have objected to the account, offered as a witness George West, who was one of the accounting executors, and also an officer of James H. West & Sons, Inc. By him appellants proved that the books of James H. West & Sons, Inc., showed that payments of interest were made to decedent by the James H. West & Sons, Inc., for some time prior to, but not after, January 1, 1934. From the surrogate's decision it is clear that he did not pass upon the question of fact whether or not a debt from the company to decedent was to be inferred from the payment of interest. Likewise the surrogate did not pass upon the question of fact whether or not, if a debt was to be inferred from the payment of interest, a payment of the debt was to be inferred from the lapse of time during testatrix's lifetime after January 1, 1934, during which no interest was paid by James H. West & Sons, Inc., to testatrix. Instead, the surrogate permitted George West to testify, upon cross-examination by his own attorney, that decedent did hold a claim, in the form of a $4,000 note, against the West Company, prior to January 1, 1934, but that she made a gift of such claim to the witness and his brothers and sisters, and that that was the reason interest was no longer paid to the decedent. This testimony was made the sole basis of the decision. We think that George West was an incompetent witness under section 347 of the Civil Practice Act. Even though he was an executor, and had been called by appellants to prove the entries in the books of the company, the door was not opened to permit him, under objection, to testify to a personal transaction with decedent, when he was personally interested in showing that he did not owe the duty to account for a certain asset because his testatrix had made him and others a present of that asset. An executor may not establish his personal claim to assets of an estate in his hands by claiming that his testator gave them to him. (Appell v. Halbe, 207 App. Div. 315.) Omitting George West's testimony regarding his personal transaction with decedent, we think the surrogate should pass upon the questions of fact as to whether the proof of the payment of interest by the corporation establishes the existence of a debt; and as to whether the demand was still outstanding in her favor at the time of her death although no interest was paid to the testatrix by the corporation after January 1, 1934.

All concur, except Crosby, J., who dissents and votes for affirmance in memorandum. Present — Sears, P. J., Edgcomb, Crosby, Lewis and Cunningham, JJ.

CROSBY, J. (dissenting). Under section 309 of the Surrogate's Court Act we should make a finding of fact that objectants have not borne the burden of showing that the decedent had a claim against the James H. West & Sons., Inc, at the time of her death.

Decree affirmed except so far as it relates to the fourth objection which refers to an alleged debt owing by the James H. West & Sons, Inc., to decedent, and decree so far as it relates to said objection reversed and matter relating to said objection remitted to the Surrogate's Court for further proceedings in accordance with the memorandum, without costs of this appeal to any party.